UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60203-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL MENKES,                    REPORT AND RECOMMENDATION

    Defendant.
_____/

On or about 4/30/07, court-appointed defense counsel Jason P. Grey ("Mr. Grey" and/or "counsel") timely submitted a voucher (No. FLS 05 1621) with appended time sheets requesting $10,755 for attorney's fees pursuant to the Criminal Justice Act ("fee request"). Mr. Grey represented Defendant Michael Menkes ("Defendant" and/or "Menkes") for almost seventeen (17) months, from his appointment on 8/12/05 to 1/3/07, through Defendant's entry of a guilty plea and just prior to sentencing. Since counsel's fees exceed the $7,000 statutory maximum, *18 U.S.C. §3006A(d)(2) (2000 & Supp. 2005)*, the voucher was referred to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. *28 U.S.C. Sec. 636(a); Local Magistrate Judge Rules*.

The CJA at *18 U.S.C. §3006A(d)(1)* provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. *18 U.S.C. §3006A(d)(5); USA v. Griggs, 240 F.3d 974 (11th Cir. 2001)*. If the recommended fee amount exceeds the statutory maximum, however, the district court must certify that the case involves "extended" or "complex" representation, and that the amount is necessary to provide counsel with fair

compensation. *18 U.S.C. §3006A(d)(3)*. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex." *Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C §2.22B(3)*. If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may be considered "extended." *Id.*

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with CJA guidelines and mathematical accuracy prior to the undersigned's review. The administrator reviewed the $450 billed for 5 in-court hours @ $90/hour. After verifying the in-court time with the Court's minutes, the administrator adjusted the amount billed to $453 to reflect the $92 hourly fee effective for work performed on or after 1/1/06 and prior to 5/20/07.

The CJA administrator reviewed the $10,305 billed for 114.50 out-of-court hours as follows: 15 hours for "Interviews and conferences"; 85.50 hours for "Obtaining and reviewing records"; 14 hours for "Legal research and brief writing." The administrator also adjusted the out-of-court amount billed to $10,509 to reflect the increase in fees effective 1/1/06. No additional time or expenses were claimed.

The grand total claimed, as adjusted, is now **$10,962.**

### *Undersigned's Review and Recommendation*

In making this recommendation, the undersigned reviewed the entire voucher, the time sheets submitted, and case record as it relates to counsel's representation of Defendant Menkes. This Court also considered counsel's 8/31/07 letter submitted in support of his fee request, as requested.

As a matter of background, in August 2005, Defendant was one of eight defendants charged out of this District on a 25-count Indictment, charging him with Conspiracy to commit Mail and Wire Fraud, Mail Fraud, and Wire Fraud. According to the government, from in or around July 2003 until in or around September 2004, Defendant was involved in a fraudulent scheme whereby the Defendant and seven other individuals, by means of false pretenses, sold business opportunities to consumers throughout the United States through a company called "American Entertainment Distributors, Inc."(AED) to own and operate DVD vending machine opportunities. For approximately $28,000 to $40,000 per machine, AED promised to deliver to the purchaser one "Box Office Express" vending machine, place the machine in a high-traffic location, and provide customer service. AED advertised the DVD vending machine business opportunity nationwide through television commercials, Internet and newspaper advertising, and unsolicited faxes known as "fax blasting." The government charged that Defendant and his cohorts defrauded more than 400 consumers out of over $19 million by means of materially false statements and the concealment of material facts concerning, *inter alia*, expected profits, services AED would provide and the authenticity of AED references. Defendant Menkes was one of the salesman that worked for the enterprise.

Defendant Menkes was arrested on 8/12/05 and initially appeared before the Court the same day. On or about 8/15/05, after finding that Defendant was financially unable to retain private counsel, Mr. Grey, a Miami practitioner, was appointed as Defendant's counsel of record.

As counsel explains in his letter in support of his fee request, Defendant maintained his innocence until "the very eve of trial." As the record reveals, this was a difficult and complex case based on the nature of the charges, the number of defendants and victims involved, and the

voluminous documentary and other evidence. *[See D.E. 81, Government's Response to Standing Order as to all Defendants; D.E. 153, Government's First Supplement to its Response; D.E. 179, Government's Second Supplement]* Undoubtedly, the case required proper attention and orchestration to prepare for trial.

As counsel explained, over the course of his representation, the government produced ten compact discs which contained approximately twenty thousand pages of documents per disc, for a total of two hundred thousand documents. There were scores of victims and witnesses throughout the country who had made statements and had to identified and located. The U.S. Postal Service had an additional 188,709 pages of documents which had been seized for use as evidence against the Defendant. There were also numerous DVD's of commercial presentations, undercover recordings made of the Defendant by cooperating individuals, as well as sales brochures, marketing scripts, commercial scripts, banking records, and video tapes made by prospective purchasers/victims. All of this material had to be reviewed, digested and organized for use at trial.

On 9/19/06, after over a year on the case and just prior to trial, Defendant pled guilty to count 1 of the Indictment, pursuant to a plea agreement. Sentencing was held on 1/5/07, but was handled by additional defense counsel, Paul D. Petruzzi. The record reveals that in June 2006, Mr. Petruzzi appeared as co-counsel in the case for Mr. Menkes, but on a *pro bono* basis. Mr. Petruzzi handled the sentencing and related issues. Having thoroughly reviewed the time sheets, I find that Mr. Grey only billed for the time he spent on the case. He did not bill for the sentencing hearing handled by Mr. Petruzzi. Judgment was entered on 1/8/07. On or about 4/30/07, counsel submitted his fee request.

As for the voucher and the adjusted $10,509 claimed for out-of-court fees[1], I have reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories. In light of the case background, the complexity of the fraud scheme, the length of counsel's representation, and the voluminous amount of discovery produced and work required to prepare this case for trial, I am satisfied that counsel documented the actual time he spent on the case and find the time billed to be reasonable. Based upon the same, I also consider this matter to be "extended" and "complex," justifying compensation in excess of the $7,000 statutory maximum.

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher, I am **RECOMMENDING** that counsel be paid the **$10,962** adjusted claim ($453 in-court time + $10,509 out-of-court time), as fair compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1)(c), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Respectfully submitted this ___ day of September, 2007.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

cc:   *District Judge Jose E. Martinez*
      *Jason P. Grey, Esq.*
      *Lucy Lara, CJA administrator*

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.